(No. 53141.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. HENRY YOUNGBEY *et al.*, Appellants.

*Opinion filed November 18, 1980.*

James J. Doherty, Public Defender, of Chicago (Marc Fogelberg, Assistant Public Defender, of counsel), for appellants.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Melbourne A. Noel, Jr., and Mark L. Rotert, Assistant Attorneys

General, of Chicago, and Marcia B. Orr and Richard F. Burke, Assistant State's Attorneys of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

This appeal arises from the determination of a Cook County circuit court judge that the statutory requirement that a presentence investigation be conducted and a report be submitted in all felony cases (Ill. Rev. Stat. 1979, ch. 38, par. 1005–3–1) (amendment effective February 1, 1978) constitutes an unconstitutional legislative encroachment on the judiciary's sentencing power. The appeal comes directly to this court pursuant to our Rule 603. 73 Ill. 2d R. 603.

The defendants, Henry Youngbey and Tyrone Watson, were charged by information with unlawful use of weapons (Ill. Rev. Stat. 1977, ch. 38, par. 24–1). They waived their right to a trial by a jury and were jointly tried before a Cook County circuit court judge. During the trial, certified statements of the defendants' prior convictions were admitted into evidence. Defendant Youngbey had pleaded guilty on November 20, 1973, to attempted robbery. He had also entered a guilty plea on March 8, 1976, to two charges of robbery. For each of these convictions, Youngbey received a sentence of 2 to 6 years' imprisonment to be served concurrently. The above convictions were also stipulated to by the parties during the trial, and the stipulation included the fact that Youngbey had been released from the penitentiary on June 20, 1977. A certified statement concerning defendant Watson's entry of a guilty plea to robbery on November 25, 1975, was also submitted. He was on probation for the robbery conviction at the time that the information was filed for the unlawful-use-of-weapons charge.

The judge found both defendants to be guilty of the

charge and denied their respective motions for a new trial. Both defendants, as well as the State, waived the presentence investigation and they requested that a sentencing hearing be conducted immediately. No specific sentence had been agreed to by the parties. Aggravating evidence was then presented by the State concerning the defendants' criminal history. The State requested that the judge consider the verified copies of conviction which had been put into evidence, and it also represented that defendant Watson had spent "nine days in the House" for an aggravated assault charge in September of 1977. This representation was not challenged by Watson. Following the presentation of mitigating evidence, the judge sentenced defendant Youngbey to a 4-year term of imprisonment, and defendant Watson was sentenced to 2½ years.

Two days later, when the case was before the court in regard to the filing of defendants' notices of appeal, the judge, *sua sponte,* held section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—1) unconstitutional. It was the court's opinion that the provision requiring a presentence report which could not be waived was an invasion of the sentencing powers of the judiciary and also an invasion of executive authority, in that the State's Attorney would not be permitted to waive such an investigation and report. Thus, according to the trial judge, the legislative requirement that a presentence investigation report be made in all felony cases encroaches upon the judiciary in its sentencing function and upon the executive branch of government in the prohibition against the waiver of the investigation and report.

The defendants argue before this court that the legislature was well within its constitutional authority in enacting section 5—3—1. The defendants assert that the statute, as amended, mandates the presentation of a presentence report to the sentencing judge in all felony cases

absent an agreement between the parties concerning the sentence to be imposed. Inasmuch as the report was mandatory and there were no agreements as to the sentences, the defendants contend that they did not have the option of waiving the reports and that the judge did not have the authority to accept their waivers. The State, in its brief, concedes that the statute does not constitute an unlawful legislative infringement on the powers of the judicial or executive branches of government. However, the State argues that section 5—3—1 does not deny a defendant the right to waive the presentence investigation report.

Thus, both the defendants and the State contend that the trial court erred in holding section 5—3—1 unconstitutional. This court has held that the imposition of a criminal sentence is a judicial function. (*People v. Phillips* (1977), 66 Ill. 2d 412.) However, this section of the Code does not constitute an infringement upon this judicial function. The aspect of the sentencing function involved in this section relates solely to a presentencing procedure. The General Assembly has the power to enact laws governing judicial practices when the laws do not unduly infringe upon the inherent powers of the judiciary or conflict with a rule of this court. Our opinion in *Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, discusses in depth the limitations which the legislature must observe in enacting laws relating to judicial proceedings. A further detailed discussion of the question is unnecessary here. Under the authority of *Strukoff* and the cases cited therein, section 5—3—1 of the Unified Code of Corrections does not constitute an unconstitutional encroachment upon either the judicial or executive powers.

The remaining question before this court is whether, in the absence of an agreement as to the sentence to be imposed, a presentence investigation report is a mandatory requirement in felony cases under section 5—3—1 of the

Unified Code of Corrections and, if so, whether such a requirement may be waived by the defendant.

Section 5—3—1 provides:

> "*A defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court.*
>
> However, the court need not order a presentence report of investigation where both parties agree to the imposition of a specific sentence, provided there is a finding made for the record as to the defendant's history of delinquency or criminality, including any previous sentence to a term of probation, periodic imprisonment, conditional discharge, or imprisonment.
>
> The court may order a presentence investigation of any defendant." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—1.) (Amendment effective February 1, 1978.)

Prior to February 1, 1978, section 5—3—1 provided that a presentence report of investigation be presented to and considered by the sentencing judge. However, the statute specifically provided that the investigation and report could be waived by the defendant. It provided:

> "A defendant shall not be sentenced before a written presentence report of investigation is presented to and considered by the court where the defendant is convicted of a felony. The defendant may waive the presentence investigation and written report.
>
> The court may order a presentence investigation of any defendant." (Ill. Rev. Stat. 1977, ch. 38, par. 1005—3—1.)

After an examination of the statute both before and after its amendment, we hold that the presentence investigation and report is a mandatory legislative requirement which cannot be waived except in accordance with the exception in the statute.

We note first the specific language of the statute. Section 5—3—1 provides that "[a] defendant *shall not* be sentenced for a felony before a written presentence report of investigation is presented to and considered by the

court." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—1.) Whether a statutory provision is to be considered mandatory or merely directory depends upon the drafters' intent. An important aid in determining whether a provision is mandatory or directory is the form of the verb used in the statute. (2A A. Sutherland, Statutes and Statutory Construction sec. 57.03, at 415 (1973).) Both before and after its amendment, section 5—3—1 has included the words "shall not be sentenced." Generally, the use of the word "shall" is regarded as indicative of a mandatory intent. (*Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 21; See 1A A. Sutherland, Statutes and Statutory Construction sec. 25.04, at 301 (1972).) We recognize, however, that this is not an inflexible rule; the statute may be interpreted as permissive, depending upon the context of the provision and the intent of the drafters. *Village of Park Forest v. Fagan* (1976), 64 Ill. 2d 264, 268.

However, not only did the legislature use the mandatory word "shall" in this section of the Code, both before and after the amendment, but it coupled with it the negative limitations of shall *not* be sentenced. Thus, this section, both before and after the amendment, specifically prohibited a judge from sentencing one convicted of a felony unless a written presentence investigation report was presented to and considered by the court. We cannot construe this requirement as other than mandatory. The action proscribed by the use of the negative "not" renders this requirement much more plainly mandatory than if the requirement would simply have read "the court shall consider a presentence report of investigation before sentencing." See *Carrigan v. Liquor Control Com.* (1960), 19 Ill. 2d 230; 1A A. Sutherland, Statutes and Statutory Construction sec. 25.04, at 301 (1972).

Before the amendment, however, this section of the Code, as noted above, although having the mandatory requirement just discussed, also provided that a defendant

might waive the presentence investigation and written report. This provision was removed from section 5—3—1 by the amendment effective February 1, 1978. The presumption is that, when a legislature amends an act by deleting certain language therefrom, it intended to change the law in that respect. Although the presumption of a change in the law may be reasonable when the language plainly withdraws a right expressly given (in our case the right of the defendant to waive the presentence investigation and report), the circumstances surrounding the amendment should also be considered. If they indicate that the legislature intended only to interpret the original act, the presumption of an intention to change the law is rebutted. Usually, an amendment of an unambiguous statute indicates a purpose to change the law, but no such purpose is indicated by the amendment of an ambiguous provision. (See 1A A. Sutherland, Statutes and Statutory Construction sec. 22.30, at 178-79 (1972); *Saltiel v. Olsen* (1979), 77 Ill. 2d 23, 29.) It is presumed that every amendment to a statute is made for some purpose, and effect must be given to the amended law in a manner consistent with the amendment. *McLaughlin v. People* (1949), 403 Ill. 493, 501.

Applying these principles of statutory construction, we must presume that, when the legislature deleted from this unambiguous section of the Code the specific provision authorizing a defendant to waive the presentence investigation and report, it intended not only that the requirement of a presentence investigation report be mandatory, but also that after the effective date of the amendment the defendant should no longer have the privilege of waiving this requirement.

In examining the circumstances surrounding the adoption of the amendment, we find nothing to rebut this presumption. In fact, the legislative debates concerning the House bill in which this amendment was con-

tained support this conclusion. In explaining House Bill 1500 (Pub. Act 80—1099), Representative Getty stated in the House debates of May 19, 1977:

"We require and I hope you note this, a mandatory presentence investigation that goes hand in hand with the Bill that we passed out just last week of creating a statewide probations system. A system that would, I hope, bring an end to the unfortunate system where we have people placed on probation, placed on probation and placed on probation again. Sometimes only the defendant knows he's already on probation. This would bring that sort of thing to an end so a Judge would know when he makes his sentence that a man is already on probation. And it would requiring [sic] a sentencing Judge to give his reason for the sentence imposed." (Ill. H.R. Rec., 80th Gen. Assem., May 19, 1977, at 106.)

From this explanation by Representative Getty, it is apparent that the purpose of the requirement of a presentence investigation report is to insure that the trial judge will have all necessary information concerning the defendant before sentence is imposed, including the defendant's criminal history. We must therefore hold that the presumption that the legislature intended to change the law by deleting the provision permitting the defendant to waive the presentence investigation report has not been rebutted and that the language of section 5—3—1, requiring a presentence investigation report, not only is mandatory, but also cannot be waived.

In so holding, we also reject the State's argument that the defendant has a right to waive the presentence-report requirement in the same way as the defendant has the right to waive the presentation of evidence presented in mitigation of the crime. While it is true that the defendant's right to have an examination of witnesses in mitigation is personal and can therefore be waived, even in the absence of an express waiver provision in the statute (see *People v. Barto* (1976), 63 Ill. 2d 17), we do not find this argument to be persuasive. The presentation of wit-

nesses in mitigation is solely for the benefit of the defendant. The presentence report, however, is for the enlightenment of the court, as well as for the benefit of the defendant. As such, it is not a personal right of the defendant. Thus, the presentence investigation report is intended to serve as a useful tool for the sentencing judge. We therefore cannot say that a trial judge will be sufficiently apprised of the defendant's criminal record in the absence of the mandatory presentence investigation and report. We conclude that section 5—3—1 sets forth a mandatory, reasonable legislative requirement which, not being a personal right of the defendant, cannot be waived.

Accordingly, the judgment of the trial court holding section 5—3—1 of the Unified Code of Corrections unconstitutional is reversed. The sentences imposed are vacated and the cause is remanded to the circuit court of Cook County for a presentence investigation and report and a new sentencing proceeding.

*Judgment reversed; sentences vacated; cause remanded, with directions.*