THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JEFFREY D. PANKEY, Defendant-Appellee.

Fifth District    No. 80-328

Opinion filed October 8, 1981.

David W. Hauptmann, State's Attorney, of Harrisburg (Martin N. Ashley and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

John H. Reid, of State Appellate Defender's Office, of Mt. Vernon, for appellee.

Mr. PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

The State appeals from the order of the circuit court of Saline County dismissing an information charging defendant, Jeffrey Pankey, with aggravated battery. The information was dismissed by the court on the

grounds that the prosecution was barred under section 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 3—4) because defendant formerly had been prosecuted for the same offense. We affirm.

On June 11, 1980, Officer Gary Sadler issued an Illinois citation and complaint, similar in form to the document commonly referred to as a "traffic ticket." The complaint was in the name of the People of the State of Illinois, and it charged defendant with committing aggravated battery in violation of section 12—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12—4). The citation further recited that the offense took place on June 10, 1980, at 11:25 p.m. at the "Denny Residence/RR 2 Hbg.," and in it defendant was directed to appear before the court on or before July 7, 1980. Also printed prominently on the face of the form was: "TO BE CHANGED TO CRIMINAL COMPLAINT." Defendant was arrested and transported to the Saline County jail.

On the same date, June 11, 1980, defendant appeared in court and pleaded guilty to the offense charged in the citation. Although no transcript was made of that proceeding, the envelope containing the court's copy of the citation reflects that defendant was fined $50 and ordered to pay $15 court costs. No representative of the State was present when defendant pleaded guilty and was fined.

On June 12, 1980, the State's Attorney filed an information charging defendant with aggravated battery. The information charged "[t]hat on June 10, 1980, in Saline County, Jeffrey D. Pankey committed the offense of AGGRAVATED BATTERY in that the said defendant in committing a Battery, in violation of Illinois Revised Statutes, Chapter 38, Section 12—3, without legal justification, knowingly caused great bodily harm to Cathy Denny, in that he struck Cathy Denny in the face with his fist in violation of Paragraph 12—4(a), Chapter 38, Illinois Revised Statutes." A warrant for defendant's arrest was also issued June 12, 1980.

Defendant moved to dismiss the information filed June 12, alleging that prosecution was barred by section 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 3—4). At the hearing on the motion on June 26, 1980, defendant argued that he had pleaded guilty to aggravated battery as charged in the Illinois citation and complaint (cause No. 80-OV-249) and that he had been convicted and fined; therefore, prosecution under the information filed June 12, 1980, was barred on the grounds of double jeopardy. The State urged that the city of Harrisburg did not have a city ordinance covering the offense of aggravated battery; that the State's Attorney, and not a city police officer, is the proper prosecuting officer in Saline County to initiate and try felony prosecutions; that defendant appeared and pleaded guilty without any prosecuting official being present; and, finally, that defendant obtained his conviction through fraud. The trial court took the matter under advisement and on

July 7, 1980, held that prosecution under the information filed June 12 was barred by section 3—4 of the Criminal Code of 1961. The State appeals from that order.

On appeal the State contends that: (1) a guilty plea to a felony charged by an Illinois citation and complaint is a void judgment and a nullity and, consequently, is not a conviction barring subsequent prosecution on the grounds of double jeopardy; (2) a prosecution procured by a defendant, without the knowledge of the State's Attorney, for the purpose of avoiding the sentence which otherwise might be imposed cannot stand as a bar to subsequent prosecution; (3) a charge which is insufficient to support a conviction because it fails to allege all the necessary elements of the offense cannot bar a subsequent prosecution instituted by a valid charging instrument; and (4) should the order of the trial court be affirmed, the cause should be remanded for resentencing in compliance with section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—1).

At the outset we observe that the record does not contain any evidence of fraud on the part of defendant nor does it indicate that defendant procured his own prosecution for the purpose of avoiding the sentence which otherwise might be imposed. Therefore, we reject the State's contention that section 3—4 of the Criminal Code of 1961 was rendered inapplicable for that reason. See Ill. Rev. Stat. 1979, ch. 38, par. 3—4(d)(2).

The State first contends that the proceedings instituted by the Illinois citation and complaint are a nullity and are void because they were not commenced by indictment or information as required by statute.

■■ Under section 111—2(a) of the criminal code "[a]ll prosecutions of felonies shall be by information or by indictment." (Ill. Rev. Stat. 1979, ch. 38, par. 111—2(a).) Further, as specified in section 111—2(b) of the code, "[a]ll other prosecutions may be by indictment, information or complaint." (Ill. Rev. Stat. 1979, ch. 38, par. 111—2(b).) In the instant case, the offense charged by the citation and complaint constituted a felony; therefore, according to section 111—2(a) of the criminal code, prosecution properly should have been initiated by indictment or information. Section 111—2 of the criminal code, however, is ambiguous in that section 111—2(f) refers to situations where "the prosecution of a felony is by information or complaint." (Ill. Rev. Stat. 1979, ch. 38, par. 111—2(f).) Any confusion resulting from this ambiguity was resolved by the court in *People v. Kleiss* (1980), 90 Ill. App. 3d 53, 412 N.E.2d 39, where the court concluded that the commencement of a felony prosecution by a complaint was a nonjurisdictional error. The defendant in *Kleiss* raised no pretrial objection to the fact that his prosecution for theft of property valued in excess of $150 was initiated by a criminal complaint; however,

he filed a motion in arrest of judgment at the conclusion of his trial, contending that the trial court was without jurisdiction since no information or indictment was filed. The court held that it was not the complaint which conferred jurisdiction on the court. According to the *Kleiss* court, subject matter jurisdiction was derived from constitutional and statutory provisions, and personal jurisdiction was acquired by the defendant's personal appearance before the court. Therefore, any error in the prosecution of defendant by complaint, rather than by information or indictment, was one of form and not substance. Accordingly, we reject the State's argument that the use of a complaint as a charging document in a felony matter would render the judgment void.

■■ We also note that the citation and complaint fail to charge all the elements of the offense as required by section 111—3(a)(3) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 111—3(a)(3)), as urged by the State. First, the name of the victim was not alleged, and, second, no specific facts were alleged in support of the charge of aggravated battery. However, the fact that the charging document fails to state an offense does not deprive the circuit court of jurisdiction of the subject matter. (*People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456.) As stated by our supreme court in *Gilmore*:

> "The jurisdiction of the circuit courts * * * was not 'conferred' by the information or indictment; jurisdiction was conferred by the provisions of section 9 of article VI of the Constitution, which provides that the circuit courts have 'original jurisdiction of all justiciable matters.' The circuit courts have jurisdiction in all cases involving offenses which fall within the ambit of section 1—5 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 1—5), * * *." (63 Ill. 2d 23, 26, 344 N.E.2d 456, 458.)

Section 1—5(a) of the code (Ill. Rev. Stat. 1979, ch. 38, par. 1—5(a)) provides that a person is subject to prosecution in Illinois "for an offense which he commits * * * by his own conduct * * *, if:

> (1) The offense is committed either wholly or partly within the State, * * *."

Therefore, we conclude that the judgment of guilty entered upon defendant's plea of guilty to the charges, instituted by criminal complaint which failed to charge all the elements of the offense, is not a void judgment but at most a voidable one. A voidable judgment may be reversed only when the aggrieved party has perfected a timely appeal. Thus, had the State seen fit to appeal the first proceeding, this court would have had jurisdiction to entertain the appeal and would have been required to reverse defendant's conviction in such proceeding. However, the State has not seen fit to do so. Instead, it attempts to attack those proceedings collaterally.

The same is true of the remaining issues raised by the State in this appeal. As an example, the State correctly argues that the record in the prior proceeding reflects that defendant appeared before the court and pleaded guilty without the presence or knowledge of the State's Attorney. By statute the State's Attorney is charged with commencing and prosecuting "all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned." (Ill. Rev. Stat. 1979, ch. 14, par. 5.) The Illinois citation and complaint in the case at bar specifically denominated the People of the State of Illinois as the plaintiff.

This court has had occasion to address this issue in *People v. Lowe* (1975), 28 Ill. App. 3d 883, 330 N.E.2d 590, where the defendant had pleaded guilty to the misdemeanor charge of theft of property of a value under $150 without anyone from the State's Attorney's office being present. This court, noting that the State's Attorney was not present in the trial court, stated:

> "First we note the absence of the State's attorney from the proceedings. The State's attorney is charged with the prosecution of all criminal cases within his jurisdiction. (Ill. Rev. Stat. 1973, ch. 14, par. 5.) He should be present and involved. The judicial branch of government cannot be expected to and should not act beyond its capacity as arbiter of law and fact." (*People v. Lowe*, 28 Ill. App. 3d 883, 884, 330 N.E.2d 590, 592.)

We are of the opinion that it was not proper for the trial court to conclude defendant's proceedings instituted by complaint. This conclusion does not abrogate defendant's right to appear and plead guilty on or before July 7, 1980. Similarly, it in no way excuses defendant's obligation to appear in court on or before such date, as specified in the citation and complaint. Defendant properly could have pleaded guilty on June 11, 1980, if the State's Attorney had been notified of defendant's intention to plead guilty and given time to prepare. "Adequate time to prepare is essential to assure a fair trial to both the prosecution and the defense. Without sufficient time for preparation, disadvantage and errors are induced which erode the guarantee of a fair trial." (*People v. Millan* (1977), 47 Ill. App. 3d 296, 300, 361 N.E.2d 823, 826.) The presence of the State's Attorney and the defendant before the court ensures that both receive the fair trial to which they are entitled.

Furthermore, although the issue has not been raised by the parties to this appeal, we question the propriety of permitting defendant to plead guilty to a charge that has been prepared, signed and filed by a police officer. As stated by the court in *People v. Woollums* (1978), 63 Ill. App. 3d 602, 379 N.E.2d 1385:

> "While a police officer has a considerable latitude in charging an

individual, the ultimate responsibility of filing a charge and prosecuting it lies with the State's Attorney. (Ill. Rev. Stat. 1973, ch. 14, par. 5.) Thus, the actions of the police officer in the first instance yield to the judgment and discretion of the constitutional officer empowered to take final action." (63 Ill. App. 3d 602, 608-09, 379 N.E.2d 1385, 1390.)

To authorize a felony to be charged by a police officer and disposed of by the court without the knowledge or presence of the State's Attorney would be an impermissible intrusion upon the powers delegated to the State's Attorney. As stated in *Woollums*, the ultimate decision of the charges to be brought against defendant and presented to the court should be made by the State's Attorney, not the police officer.

Furthermore, we view as meritorious the State's final contention that defendant's sentencing in the proceedings instituted by the filing of the citation and complaint was erroneous for failure of the court to comply with the requirements of section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—1). We note that defendant was sentenced for the felony charge without a presentence investigation and report, contrary to the holding in *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416. In this regard, section 5—3—1 of the Unified Code of Corrections requires that a written presentence report of investigation be presented to and considered by the court before sentencing for a felony. The court in *Youngbey* held that these provisions were mandatory and may not be waived by a defendant. This error is compounded in the instant case by the fact that the State's Attorney was not present and, consequently, was in no position to offer evidence in aggravation of punishment had he desired to do so.

■■ For the reasons stated above, we conclude that the proceedings originated by the filing of the Illinois citation and complaint contained reversible errors which would prevent their use as a bar to the prosecution in the instant case. However, as we previously have stated, notwithstanding such errors, the State has not seen fit to perfect an appeal therefrom. Consequently, this court is without jurisdiction to reverse defendant's conviction in the first proceedings. Since the proceedings instituted by the filing of the Illinois citation and complaint may not be disturbed, they are a bar to the prosecution in the instant case and the trial court committed no error in dismissing the information.

For the foregoing reasons, the order of the circuit court of Saline County is affirmed.

Affirmed.

KARNS and WELCH, JJ., concur.