*In re* GUARDIANSHIP OF RALPH F. SODINI, alleged disabled (Anna Wright, Petitioner-Appellant, v. Mary L. Carley, Guardian of the Estate of Ralph F. Sodini, alleged disabled, Respondent-Appellee).

Fourth District   No. 4—88—0081

Opinion filed July 26, 1988.

Roger B. Gomien and Paul E. Root, both of Gomien, Root & Rigazio, of Morris, for appellant.

No brief filed for appellee.

Stephen C. Weeks, of Harvey S. Traub, Ltd., of Fairbury, guardian *ad litem*.

JUSTICE LUND delivered the opinion of the court:

Respondent Mary Carley filed a petition requesting the appointment of a guardian of the estate and person of Ralph Sodini, pursuant to section 11a—1 of the Probate Act of 1975 (Act) (Ill. Rev. Stat. 1987, ch. 110½, par. 11a—1). The circuit court of Livingston County granted the petition and ordered respondent appointed as plenary guardian. Subsequently, Sodini's sister, Anna Wright, the petitioner in this appeal, filed a motion to vacate the order appointing a guardian. The motion was denied, and petitioner appeals.

Petitioner raises only one question on appeal. She argues the order of guardianship must be vacated because respondent failed to give her proper notice of the hearing on the petition as required by section 11a—10(f) of the Act (Ill. Rev. Stat. 1987, ch. 110½, par. 11a—10(f)). Petitioner contends the requirement of notice to the nearest relatives is jurisdictional.

Sodini is 78 years old and suffers from Alzheimer's disease. Respondent is Sodini's niece. Respondent filed her petition on October 27, 1987, requesting that she be appointed guardian over Sodini's estate and person. The petition listed three sisters as his nearest surviving relatives. Respondent's father, who was Sodini's brother, is deceased. The record indicates no notice of the hearing was given to the sisters. One of the sisters, Esther Jonen, was apparently informed of respondent's intent to be appointed guardian as she wrote a letter to respondent's attorney supporting the petition.

The petition included several attachments. One was a copy of the letter from Esther Jonen mentioned above. Also attached was a "Designation of Guardian" in which Sodini designated respondent to be his guardian should he be adjudged a disabled person. (See Ill. Rev. Stat. 1987, ch. 110½, par. 11a—6.) This document was dated July 8, 1987. Sodini had also signed a document entitled "Consent," in which he reiterated his preference for respondent to be his guardian. The consent was dated October 14, 1987.

The hearing was held on October 28, 1987. Only respondent and Sodini appeared. Sodini testified that he was having difficulty with his memory, and he had been diagnosed as having Alzheimer's disease. He recently had difficulty remembering certain events surrounding his financial affairs, especially those relating to another niece, Susan Spandet. He stated he trusted respondent, and he wanted her appointed as his guardian. Respondent testified regarding her belief that Spandet had received the benefit of certain of Sodini's assets, which were not intended to be given to Spandet. The court ordered respondent appointed as plenary guardian of Sodini's estate and person. The court also granted her authority to bring an action on Sodini's behalf for recovery of funds.

On January 5, 1988, petitioner, Sodini's sister, filed a motion to vacate the order appointing respondent as Sodini's guardian. Petitioner is Spandet's mother. At the hearing on the motion, petitioner stated she had received no notice of the petition. As a relative listed in the petition, she argued she was required to receive notice. The court found that failure to give petitioner notice of the hearing on the petition was not a jurisdictional defect. The court denied the motion, and petitioner appeals.

■ The portion of the Act relating to guardianship proceedings for disabled adults was restructured in 1978. In both the new and old versions, a petition for appointment of a guardian was required to include the names and addresses of the respondent's nearest relatives. (Ill. Rev. Stat. 1987, ch. 110½, par. 11a—8 (formerly Ill. Rev. Stat.

1977, ch. 110½, par. 11—9).) Under section 11—10(b) of the Act (Ill. Rev. Stat. 1977, ch. 110½, par. 11—10(b)), now repealed, failure to give notice to relatives listed in the petition was not jurisdictional:

> "Unless excused by the court for good cause shown, it is the duty of the petitioner to give notice of the time and place of the hearing on the petition, in person or by mail, to the relatives of the alleged incompetent whose names and addresses are stated in the petition, *** but failure to give notice to any relative is not jurisdictional."

The relevant portion of the Act is now section 11a—10(f) (Ill. Rev. Stat. 1987, ch. 110½, par. 11a—10(f)), and it states:

> "Notice of the time and place of the hearing shall be given by the petitioner by mail or in person to those persons whose names and addresses appear in the petition and who do not waive notice, not less than 14 days before the hearing."

It is clear that respondent failed to comply with section 11a—10(f) by failing to give notice to petitioner. We must determine whether this failure requires the order to be vacated. The trial court applied the standard found under the now repealed section 11—10. The court first determined the defect was not jurisdictional. Then, the court found respondent had good cause for failing to give notice, and the court excused the failure.

■ The appellee has filed no brief in this court. However, the record is simple, and the claimed error can be decided without such assistance. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.

■ We hold the failure to give notice of the guardianship hearing to petitioner is a jurisdictional defect. The previous statute expressly made failure to give such notice nonjurisdictional. That statute was repealed, and the language concerning jurisdiction was not included in the new portion of the Act discussing guardianship proceedings for disabled adults. When a statute is repealed and a replacement statute is adopted, the effect is to completely obliterate the prior statute, and whatever is embraced in the new statute prevails, while whatever is excluded is to be discarded. *People v. Manning* (1979), 76 Ill. 2d 235, 240, 390 N.E.2d 903, 905.

■ The replacement statute contains the phrase "[n]otice *** shall be given." (Ill. Rev. Stat. 1987, ch. 110½, par. 11a—10(f).) Normally, the use of the word "shall" indicates a mandatory intent. (*People v. Youngbey* (1980), 82 Ill. 2d 556, 562, 413 N.E.2d 416, 419; *Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 21, 373 N.E.2d 1332, 1335.) There are exceptions to this principle. The statute may be in-

terpreted as permissive, depending upon the context of the provision and the intent of the drafters. *Youngbey*, 82 Ill. 2d at 562, 413 N.E.2d at 419-20.

■ The context of section 11a—10 indicates the word "shall" should be interpreted as being mandatory. The subsection immediately preceding section 11a—10(f), section 11a—10(e) of the Act (Ill. Rev. Stat. 1987, ch. 110½, par. 11a—10(e)), discusses service upon the respondent:

> "Unless he is the petitioner, the respondent *shall* be personally served with a copy of the petition and a summons not less than 14 days before the hearing. Service *may* be made by a private person 18 years of age or over who is not a party to the action." (Emphasis added.)

It has long been the rule in Illinois that notice to one alleged to be an incompetent is required before he may be adjudged incompetent and a conservator appointed for him. (*Eddy v. People* (1854), 15 Ill. 386, 386-88.) One of the concerns supporting the requirement of notice is compliance with the due process requirements of the constitution. (U.S. Const., amend. XIV; see 44 C.J.S. *Insane Persons* §40, at 106 (1945).) Thus, section 11a—10(e) uses the term "shall" to indicate the mandatory nature of the service requirement upon a respondent. In contrast, the same subsection allows some flexibility as to the mode of service. Service "may" be made by a private person who is not a party to the proceedings. Ill. Rev. Stat. 1987, ch. 110½, par. 11a—10(e).

We believe the legislature intended the term "shall" in section 11a—10(f) to be similarly interpreted as "must." Had the legislature intended to make the giving of notice to relatives not mandatory, it could have repeated the language used in the previous statute. The previous statute directed a petitioner to give notice to relatives listed in the petition, but it expressly made failure to do so nonjurisdictional. Further, the statute expressly recited the standard for excusing failure to give notice. That standard was "good cause shown" to the court. (Ill. Rev. Stat. 1977, ch. 110½, par. 11—10(b).) The replacement statute, section 11a—10(f), did not renew the language excusing service for good cause and making the failure to serve notice nonjurisdictional. Rather, it provides that service "shall" be given. The only expressed exception is for those who waive notice. We conclude the legislature desired to make service upon those relatives listed in the petition a requirement for obtaining proper jurisdiction.

■ Finally, we note that such a reading of the statute is appropriate to the facts in the instant case. Respondent, Sodini's niece, de-

sires to be named guardian in order to seek recovery of assets held by another niece, Susan Spandet. Respondent failed to give notice to Sodini's nearest surviving relatives. She alone appeared at the hearing along with Sodini. She testified that Spandet had appropriated assets not meant to be hers. However, Sodini could not verify respondent's testimony because he has difficulty with his memory due to his suffering from Alzheimer's disease. Thus, respondent's testimony as to Sodini's true intentions are basically uncorroborated. Petitioner, one of the relatives who should have been served, now contests the order of guardianship. She is the mother of Spandet. A family fight is developing. Had all proper persons been served, the court would have been able to hear the extent of the controversy, and, having a chance to examine the credibility of the witnesses from both sides, make a determination as to whether respondent is a proper person to serve as guardian.

For the reasons stated above, the order of the circuit court of Livingston County is vacated, and the cause is remanded for further proceedings not inconsistent with this opinion.

Vacated and remanded.

GREEN, P.J., and SPITZ, J., concur.