THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DAVID ALLEN ANDRUS, Defendant-Appellant.

Fifth District   No. 5—89—0785

Opinion filed March 22, 1991.

Daniel M. Kirwan and Edwin J. Anderson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Dennis Doyle, State's Attorney, of Waterloo (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

■ A presentence report, save one exception not applicable here, must be presented to and considered by the circuit court before sentencing a felon. Ill. Rev. Stat. 1989, ch. 38, par. 1005—3—1.

Defendant was convicted of deceptive practice over $150, a Class 4 felony. The circuit court sentenced defendant to serve six years in prison. Before sentencing, the circuit court ordered a presentence report limited exclusively to defendant's criminal history.

Two issues are presented: (1) whether this limitation was error; and (2) if so, whether defendant waived the error by not objecting to the limitation.

Two Illinois Supreme Court cases, *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 417, and *People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9, address these issues.

■ Section 5—3—2 of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—3—2(a)) prescribes the content of the presentence report:

"(a) In felony cases, the presentence report shall set forth:

(1) the defendant's history of delinquency or criminality, physical and mental history and condition, family situation and background, economic status, education, occupation and personal habits;

(2) information about special resources within the community which might be available to assist the defendant's rehabilitation, including treatment centers, residential facilities, vocational training services, correctional manpower programs, alcohol and drug abuse programming, psychiatric and marriage counseling, and other programs and facilities which could aid the defendant's successful reintegration into society;

(3) the effect the offense committed has had upon the victim or victims thereof, and any compensatory benefit that various sentencing alternatives would confer on such victim or victims;

(4) information concerning the defendant's status since arrest, including his record if released on his own recognizance, or the defendant's achievement record if released on a conditional pre-trial supervision program;

(5) when appropriate, a plan, based upon the personal, economic and social adjustment needs of the defendant, utilizing public and private community resources as an alternative to institutional sentencing; and

(6) any other matters that the investigatory officer deems relevant or the court directs to be included."

In *Youngbey* (82 Ill. 2d 556, 413 N.E.2d 417), two defendants were convicted of unlawful use of weapons. Defendants and the State agreed to waive the presentence investigation and requested an immediate sentencing hearing. The court sentenced one defendant to four years and the other to 2½ years in prison.

*Youngbey* presented the question whether, in the absence of an agreed-upon sentence, a presentence investigation report was a mandatory requirement in felony cases under the act, and if so, whether such a requirement could be waived by the defendant. The court held that "the presentence investigation and report is a mandatory legislative requirement which cannot be waived except in accordance with the exception in the statute." (*People v. Youngbey*, 82 Ill. 2d at 561, 413 N.E.2d at 419.) That one exception occurs when the State and the defendant agree to a sentence. That exception occurred in neither *Youngbey* nor the case at bar.

The *Youngbey* court noted that prior to 1978, the act permitted a defendant to waive the presentence investigation and report. The supreme court determined that in amending the statute, the legislature intended to dispose of defendant's ability to waive the investigation and report because the report was a "tool for the sentencing judge." (*People v. Youngbey*, 82 Ill. 2d at 565, 413 N.E.2d at 421.) Therefore, the report was not so much for the benefit of the defendant, but rather was for the enlightenment of the court. Thus, a presentence investigation and report was not a personal right of defendant which could be waived. *People v. Youngbey*, 82 Ill. 2d at 565, 413 N.E.2d at 421.

In *Meeks* (81 Ill. 2d 524, 411 N.E.2d 9), defendant was convicted of three counts of unlawful delivery of a controlled substance. The circuit court ordered a presentence investigation and report. The report

contained factual errors and was incomplete in that it omitted sentencing alternatives and community programs that might assist defendant's rehabilitation. Defendant moved to correct the factual errors, but did not object to the omissions. Meeks was sentenced to three consecutive, two-year prison terms. Defendant appealed, complaining of the omission of sentencing alternatives and programs within the community which would assist defendant's rehabilitation, a ground of appeal that had not first been presented to the circuit court.

The supreme court said that sentencing upon the report was erroneous, but held that defendant had waived review of this issue by failing to object at the sentencing hearing.

*Youngbey* and *Meeks* illustrate that section 5—3—2 of the Code is a mandatory legislative requirement that must be followed prior to sentencing a felon. The circuit court, therefore, erred in ordering the presentence report limited solely to defendant's criminal history.

■ The second issue, waiver, is now addressed. If read superficially, *Youngbey* and *Meeks* seem to present a paradox: a presentence report cannot be waived (with one statutory exception); however, if defendant fails to object, the error is waived. There is, however, no real paradox, for *Meeks* deals with counsel's failure to preserve an issue for appeal, while *Youngbey* deals with a court deviating from the legislative mandate contained in the statute.

If we focus on the acts of the court and the parties in each of the two cases, we believe the true teaching of *Youngbey* and *Meeks* can be discerned. In *Youngbey*, the court did not order a presentence investigation and report. It is true that the State and defendant had agreed to dispense with the report, but that agreement was made even though they had not agreed to the sentence to be imposed, and therefore, the agreement was in violation of the statute. In consequence, that agreement could not form the basis for allowing the court to dispense with the report, and the court, therefore, erred. *Youngbey* teaches that a court cannot willfully deviate from the requirements laid down in section 5—3—2 by the legislature.

In contrast, the *Meeks* court ordered a complete presentence report, but it came back incomplete. The failure of counsel to object to the omissions operated as a waiver of the issue on review.

The difference between the two cases is apparent. It is one thing for the court to order a presentence report that contains less than what is required by statute. It is another for the court to receive less than what is ordered and counsel to fail to object to omissions. In the former, the court ignores the law; in the latter, counsel ignores his

duty. We believe that *Youngbey* condemns the former, while *Meeks* condemns the latter. *Youngbey* does not impose waiver on the former, while *Meeks* does impose it on the latter.

In this light, *Youngbey* is directly applicable to the facts of this case, because an act of the court, rather than an act of counsel, is involved. Therefore, under *Youngbey*, we can and do take note of defendant's claim and review it.

In review of that error, however, there is one further distinction between this case and *Youngbey*. In this case, there is a limited presentence report, while in *Youngbey*, there was no report. We hold that this is a distinction without a difference. We believe that the statute is mandatory, that the statute must be fully adhered to by the court, and that the statute makes no provision, in a felony case, that would allow a court to order less than what is required under the statute. Anything less is too little.

A court, therefore, cannot order a partial presentence report, and this error cannot be waived. On the other hand, a presentence report that is ordered under circumstances that make clear that a full presentence investigation and report was contemplated, but nevertheless is returned incomplete, must have specific objections lodged thereto, and any failure to object will work a waiver of any error or omission.

Upon review, we find that the circuit court erred by limiting the presentence report exclusively to defendant's criminal history, and therefore, reverse and remand for a new sentencing hearing consistent with the mandate of section 5—3—2(a) of the Unified Code of Corrections.

Reversed and remanded.

LEWIS and CHAPMAN, JJ., concur.