BRUCE GRATZLE, Plaintiff-Appellee, v. SEARS, ROEBUCK AND COMPANY, Defendant (Emerson Electric Company, Defendant-Appellant).

Second District   No. 2—92—1022

Opinion filed May 14, 1993.

Lenard C. Swanson, of Swanson, Martin & Bell, of Wheaton (Bruce S. Terlep, of counsel), for appellant.

Thomas J. Stiberth, of Howard S. Miller & Associates, of Elgin (Howard S. Miller, of counsel), for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Emerson Electric Company, appeals from a judgment entered for the plaintiff, Bruce Gratzle, pursuant to a jury trial in a product liability action. On appeal, the defendant argues that the trial court erred in (1) denying its motion for judgment *non obstante veredicto* (*n.o.v.*), where the jury found that the plaintiff's "contributory fault accounted for 60% of the proximate cause of his injury"; (2) failing to instruct the jury on the effect of a contributory fault verdict as mandated by section 2—1107.1 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1107.1); (3) denying the defendant's motion for a mistrial after the jury was granted access to examine and manipulate a table saw during a recess; (4) denying the defendant's motion to strike the testimony of the plaintiff's expert; and (5) allowing the jury to consider damages for future medical expenses.

The plaintiff filed his complaint on September 14, 1990, against Emerson Electric Company, and Sears, Roebuck and Company, alleging product liability, negligence, and breach of implied warranties for injuries sustained to the plaintiff's hand while he was using a table saw. The saw was manufactured by Emerson Electric Company, and the plaintiff purchased it from Sears, Roebuck and Company on November 15, 1989.

The defendants were granted leave to file affirmative defenses. They alleged therein assumption of risk and misuse of the product. Specifically, the defendants alleged that the plaintiff's assumption of risk and/or misuse of the product accounted for more than 50% of the proximate cause of his injuries, thereby barring the plaintiff from recovery.

The matter proceeded to jury trial on April 24, 1992. By the time of commencement of trial, the plaintiff had dismissed the neg-

ligence allegations. There remained only a product liability action against Emerson Electric Company, and an action against Sears, Roebuck and Company under an implied warranty theory.

After closing arguments, the trial court instructed the jury. Two of the jury instructions dealt with assumption of risk; these were plaintiff's instructions numbered 20 and 21. Instruction No. 20 provided, in part, as follows:

> "Plaintiff's assumption of the risk, if any, does not bar his recovery. However, the total amount of damages to which he would otherwise be entitled is reduced in proportion to the amount of his fault in assuming the risk. This is known as comparative fault."

Plaintiff's instruction No. 21 provided the method by which the jury was to reduce a verdict in the event it found that the plaintiff assumed the risk of his injuries. The jury was instructed as follows:

> "Second, determine what portion of [sic] percentage is attributable solely to the plaintiff's conduct in assuming the risk, considering the extent to which plaintiff's assumption of the risk and the unreasonably dangerous condition of the table saw each proximately contributed to the plaintiff's injury.
>
> Third, reduce the total amount of plaintiff's damages by the proportion or percentage of plaintiff's assumption of the risk. The resulting amount, after making such reduction, will be the amount of your verdict."

The jury was also provided with two verdict forms prepared by the plaintiff. Verdict form A was to be used in the event of a verdict in favor of the plaintiff and against any of the defendants. Verdict form A provided a formula by which the jury was to calculate a verdict and any reduction in the verdict for the plaintiff's assumption of risk. Form A allowed the jury to reduce the total award by the "percentage attributable solely to the plaintiff's assumption of the risk that was the proximate cause of the plaintiff's injury."

The jury returned a verdict in favor of the plaintiff and against Emerson Electric Company. The jury found the plaintiff's damages were $200,000. Also the jury found that the plaintiff's assumption of risk constituted 60% of the proximate cause of his injuries. Using form A, the jury reduced the verdict by 60% to $80,000. The jury found Sears, Roebuck and Company not liable, and there is no appeal taken from that verdict.

The defendant, Emerson Electric Company, filed a post-trial motion arguing, in part, that it was entitled to a judgment *n.o.v.* pursuant to section 2—1116 of the Code of Civil Procedure (Ill. Rev.

Stat. 1991, ch. 110, par. 2—1116), since the jury had found that the plaintiff's assumption of risk accounted for 60% of the proximate cause of his injuries. In the alternative, the defendant asserted that the jury's verdict should be set aside and a new trial granted because the trial court had failed to instruct the jury about contributory fault, as mandated by section 2—1107.1 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1107.1). The court refused to grant these portions of the defendant's post-trial motion. The defendant timely appealed.

■ Section 2—1116 abolished the pure comparative negligence system adopted by the Illinois Supreme Court in *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 27, and replaced it with a modified comparative negligence regime. (Ill. Ann. Stat., ch. 110, par. 2—1116, Historical & Practice Notes, at 120 (Smith-Hurd Supp. 1992).) Under section 2—1116, the plaintiff is barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is more than 50% of the proximate cause of the injury. (See Ill. Rev. Stat. 1991, ch. 110, par. 2—1116.) However, if the contributory fault of the plaintiff is not more than 50% of the proximate cause of the injury, any damages allowed are diminished in the proportion to the amount of fault attributable to the plaintiff. (See Ill. Rev. Stat. 1991, ch. 110, par. 2—1116.) Neither section 2—1116 nor any other relevant section defines the meaning of "contributory fault," and there is no case law directly addressing whether the concept of "contributory fault" as used in section 2—1116 applies equally for findings that a plaintiff assumed the risk of his injury.

In a case decided under the pure comparative negligence system, before the adoption of our present modified comparative negligence system, the court in *Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, 119, held that assumption of risk would not bar recovery in a strict liability case, but that a recovery would be merely reduced by the amount that the trier of fact finds the plaintiff to be at fault. Thus there, under the pure comparative negligence system, assumption of risk was treated as contributory fault.

In determining if the legislature intended to treat assumption of risk the same as contributory fault under section 2—1116, we note that the senator offering the modified comparative negligence amendment to fellow legislators described section 2—1116 as the same kind of law that was in effect in Wisconsin. (See Comment, *Modified Contributory Fault & Strict Products Liability: Illinois' Silent Disposal of Misuse & Assumption of Risk Turns Back the Evolution*, 23 J. Marshall L. Rev. 247, 265 nn.119 & 120 (1990).)

The Wisconsin Supreme Court interpreted their comparable statute to include assumption of risk, and other similar modified comparative negligence statutes and court decisions from other States indicate a trend toward abolishing the distinctions between different types of fault in the context of negligence verdict setoffs. Comment, 23 J. Marshall L. Rev., at 265 n.122, 268, citing *Powers v. Hunt-Wesson Foods, Inc.* (1974), 64 Wis. 2d 532, 535-36, 219 N.W.2d 393, 395.

▉ We find that in enacting section 2—1116 it was the intent of the legislature to include findings of assumption of risk as a type of contributory fault. Accordingly, we must determine if the court erred in failing to grant the motion for a judgment *n.o.v.* after the jury found that the plaintiff was 60% at fault due to his assumption of risk.

Section 2—1107.1 states in pertinent part:

"In all actions on account of bodily injury *** based on *** product liability *** *the court shall instruct the jury* in writing that the defendant shall be found not liable if the jury finds that the contributory fault of the plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 110, par. 2—1107.1.

Unless the context of a statute or the intent of the legislature indicates to the contrary, the word "shall" in a statutory provision is to be considered mandatory. (See *People v. Youngbey* (1980), 82 Ill. 2d 556, 562.) Here, we find no such contrary intent or context indicating that the word "shall" has a discretionary meaning in section 2—1107.1. See also Ill. Ann. Stat., ch. 110, par. 2—1107.1, Historical & Practice Notes, at 106 (Smith-Hurd Supp. 1992) ("this section puts the onus of giving the instruction on the court").

▉ We find that the clear legislative intent of section 2—1107.1 is to notify the jury of the effect of its determination of apportionment of contributory fault, notwithstanding the failure of the parties to request that the jury be so instructed. The legislation demonstrated its intent that the giving of that instruction was necessary for the receipt of a proper verdict. Here, neither party submitted to the court the instruction contained in section 2—1107.1. Nor did the defendant object to its absence. While we do not condone the defendant's failure to object to the absence of the instruction, we find that in the absence of the section 2—1107.1 instruction, the verdict cannot stand.

For the above reasons, we need not address the other issues raised by the parties on appeal. We reverse judgment of the circuit court of Kane County and remand the cause for a new trial.

Reversed and remanded.

INGLIS, P.J., and DOYLE, J., concur.