THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRIAN BLEDSOE, Defendant-Appellant.

First District (2nd Division)   No. 1—93—3284

Opinion filed December 20, 1994.

Edwin F. Mandel Legal Aid Clinic, of Chicago (Mark J. Heyrman, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Janet Powers Doyle, and Abigail Abraham, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE DiVITO delivered the opinion of the court:
The sole question in this appeal is whether section 5—2—4 of the Unified Code of Corrections (730 ILCS 5/5—2—4 (West 1992)) requires an independent examination by a psychiatrist or clinical psychologist for a petitioner, previously found not guilty by reason of insanity, who requests such an examination in seeking release from the custody of the Department of Mental Health and Developmental Disabilities. For the reasons that follow, we hold that such an examination is required.

Petitioner Brian Bledsoe was acquitted by reason of insanity of first degree murder in January 1991 and was involuntarily confined at the Elgin Mental Health Center soon thereafter. On June 4, 1993, petitioner filed for discharge or conditional release from the Department of Mental Health and Developmental Disabilities (the Department) pursuant to section 5—2—4 of the Unified Code of Corrections (730 ILCS 5/5—2—4 (West 1992)). Petitioner simultaneously made a request for an independent psychiatric examination pursuant to section 5—2—4(f). The circuit court did not order an independent psychiatric examination, nor was one performed.

On September 2, 1993, a hearing was held on the petition for discharge or conditional release. Petitioner, the only witness to testify

on his behalf, stated that he believed he was no longer a danger to himself or to others in the community; he also testified that he was willing and able to comply with any outpatient requirements imposed upon him by the court. The State's sole witness, Dr. Tyrone Hollerauer, served as petitioner's counselor and clinical team leader at the Elgin Mental Health Center. He testified that he believed petitioner was a danger to himself and others and was in need of mental health services on an inpatient basis.

The circuit court denied the petition for discharge or conditional release, concluding that petitioner was still in need of mental health services on an inpatient basis. After the court's ruling, petitioner repeated his request for an independent psychiatric evaluation. The court denied the request, and petitioner appealed.

Petitioner argues that the circuit court's failure to order an independent psychiatric examination violated section 5—2—4(f) of the Unified Code of Corrections. We agree.

■ A petitioner who is acquitted of a criminal charge by reason of insanity and is involuntarily committed to the custody of the Department may petition the court for release every 60 days. (730 ILCS 5/5—2—4(e) (West 1992).) The relevant portion of the Unified Code of Corrections states:

> "If requested by either the State or the defense or if the Court feels it is appropriate, an impartial examination of the defendant by a psychiatrist or clinical psychologist as defined in Section 1—103 of the Mental Health and Developmental Disabilities Code who is not in the employ of the Department of Mental Health and Developmental Disabilities *shall* be ordered, and the report considered at the time of the hearing." (Emphasis added.) (730 ILCS 5/5—2—4(f) (West 1992).)

Petitioner contends that the statutory language is mandatory and does not allow the court discretion in granting an independent psychiatric examination to a petitioner who has requested one. The State contends that the term "shall" is not always compulsory and binding on the judiciary (*People v. Porter* (1988), 122 Ill. 2d 64, 82, 521 N.E.2d 1158, *cert. denied* (1988), 488 U.S. 837, 102 L. Ed. 2d 77, 109 S. Ct. 102 (generally "shall" is found to be indicative of mandatory intent but such construction is not absolute)) and should be construed as discretionary in this instance.

A court's function in statutory interpretation is to ascertain the intention of the legislature and to give effect to it. (*Interlake, Inc. v. Industrial Comm'n* (1983), 95 Ill. 2d 181, 192, 447 N.E.2d 339.) The language of the statute is the best source for determining legislative intent. (*People v. Rink* (1983), 97 Ill. 2d 533, 539, 455 N.E.2d 64.) Gen-

erally, the word "shall" is regarded as indicative of mandatory intent. *People v. Youngbey* (1980), 82 Ill. 2d 556, 562, 413 N.E.2d 416.

■ We believe that in the context of an individual involuntarily committed to the custody of the Department, mandatory construction is required. Oftentimes, a petition for release is contested by the State and the petitioner's psychiatrist or clinical leader from the Department testifies that petitioner is still in need of mental health services. If the petitioner is unable to procure an independent examination, the court is left to consider only the petitioner's testimony in support of fitness for relief and the psychiatrist's testimony to the contrary. Under this circumstance, the likely outcome is predictable. The right to obtain an independent psychiatric evaluation, therefore, is often necessary to effectuate the right to a fair hearing on a petition for discharge.

The legislative history of section 5—2—4(f) also indicates that the legislature intended a mandatory interpretation. Governor James R. Thompson, in his June 30, 1977, amendatory veto, suggested that an impartial examination of a petitioner prior to the hearing be mandatory rather than left to the court's discretion, as provided by the Mental Health Code of 1967. The Governor stated:

"To ensure fairness, the professional input should be as well-rounded and diverse as possible. Because the Department of Mental Health and Developmental Disabilities cares for the individual on a day-to-day basis, the input necessary for the court to reach a balanced conclusion must come from an additional, independent source. Although the Department employs the most dedicated, conscientious, well-trained professionals in the nation, paramount considerations of fairness require that a court not act without an external check on the professional opinions of State officials." (Report, Governor's Commission for Revision of the Mental Health Code of Illinois, at 50 (1977).)

The State contends that this statement, addressing the importance of an independent examination, should be accorded no weight because it did not come from the legislature and the comments related to the 1977 amendment rather than the 1980 modifications. We note, however, that the Report of the Governor's Commission for Revision of the Mental Health Code of Illinois is regularly relied upon by Illinois courts as a primary source for legislative history of mental health legislation. (*In re Rizer* (1980), 87 Ill. App. 3d 795, 798-99, 409 N.E.2d 383; *Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496, 505-06, 520 N.E.2d 37.) Additionally, although the 1980 amendment removed the requirement of an independent examination for every release hearing, it upheld the basic right to an examination upon request of either party.

The only Illinois court to construe section 5—2—4(f) found that one of the legislature's intentions was to ensure the neutrality of an impartial examiner. (*People v. Hoffmann* (1986), 140 Ill. App. 3d 1056, 1062, 489 N.E.2d 460.) The court said, "[u]nder section 5—2—4(f), the State, the defense, and the court each have a statutory right to request that an impartial examination be made of defendant." (*Hoffmann*, 140 Ill. App. 3d at 1062.) The court did not directly address the question of whether the term "shall" is mandatory or discretionary; however, we note that our supreme court recently interpreted the term "shall" in section 5—2—4(e) to be mandatory. (*Radazewski v. Cawley* (1994), 159 Ill. 2d 372, 379.) There the court held that the interest of petitioners in receiving a timely hearing of their request for release outweighed the burden placed upon circuit court judges to handle the cases within 30 days of filing. *Radazewski*, 159 Ill. 2d at 379.

The State argues that a mandatory construction of the term "shall" would be cost prohibitive because a petitioner would then be entitled to an independent evaluation, in conjunction with a petition for discharge, every 90 days (30 days for the hearing process and 60 days between proceedings). That concern, however, must be addressed by the General Assembly and not the judiciary.

Finally, the State asserts that the 1980 amendment to the statute indicates an increasing latitude for the circuit court. As previously indicated, the 1980 amendment eliminated the requirement that an independent psychiatric examination be ordered for every release hearing. Now the appointment of an independent examiner is contingent upon a request by either of the parties or the court. This modification saves time and resources that were expended for unrequested examinations. The change, however, does not mean that requests for an independent examination are now subject to the court's discretion.

We find that the plain language of section 5—2—4(f) affirms petitioner's right to an independent psychiatric examination upon request. Because in the instant case no independent psychiatric examination was performed and no independent psychiatric report was considered at the time of the hearing, as is required by section 5—2—4(f), we reverse and remand for compliance with the statutory requirement and for a new hearing.

Reversed and remanded.

HARTMAN and McCORMICK, JJ., concur.