*In re* LINDA JEFFERS, a Person Found Subject to Involuntary Medication (The People of the State of Illinois, Petitioner-Appellee, v. Linda Jeffers, Respondent-Appellant).

Fourth District    No. 4—92—0566

Opinion filed April 6, 1995.

John B. Lower, Jeff M. Plesko, and Penelope S. Karnes, all of Guardianship & Advocacy Commission, of Anna, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Norbert J. Goetten, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In March 1992, the trial court committed respondent, Linda Jeffers, for involuntary hospitalization in the Illinois Department of Mental Health and Developmental Disabilities. The State thereafter petitioned the court pursuant to section 2—107.1 of the Mental Health and Developmental Disabilities Code (Code) (Ill. Rev. Stat. 1991, ch. 91$^1$/2, par. 2—107.1) for authority to administer psychotropic medication to respondent against her will. After a hearing, the court granted that petition.

Respondent appealed, arguing that the trial court erred in granting that petition because (1) the court failed to determine that respondent would have agreed to psychotropic medication if she were competent, and (2) the State did not prove its case by clear and convincing evidence. In *In re Jeffers* (1992), 239 Ill. App. 3d 29, 606 N.E.2d 727, we affirmed the trial court's order. Subsequently, the supreme court decided *In re C.E.* (1994), 161 Ill. 2d 200, 641 N.E.2d 345, which reversed a decision of the circuit court of Cook County which had held section 2—107.1 of the Code unconstitutional. In December 1994, the supreme court granted respondent's petition for leave to appeal in the present case and thereafter directed as follows: "In the exercise of this court's supervisory authority, the Appellate Court, Fourth District, is ordered to reconsider its judgment *** in light of *In re C.E.* ***." (*In re Jeffers* (1994), 158 Ill. 2d 570, 643 N.E.2d 839 (supervisory order).) Respondent has also provided us with a memorandum of law in support of reconsideration.

As the supreme court directed, we have now reconsidered our earlier opinion in this case in light of *C.E.*, and for the reasons that follow, we adhere to our affirmance of the trial court's order.

In respondent's memorandum, she argues that the supreme court approved the "substituted judgment" standard as applying to proceedings conducted under section 2—107.1 of the Code, contrary to the decision this court reached in *Jeffers*. We agree with respondent on this point.

●1 As described by the supreme court in *C.E.*, the "substituted judgment" standard means that "the 'surrogate decision-maker attempts to establish, with as much accuracy as possible, what decision the patient would make if [she] were competent to do so.' " (*C.E.*, 161 Ill. 2d at 220, 641 N.E.2d at 354, quoting *In re Estate of Longeway* (1989), 133 Ill. 2d 33, 49, 549 N.E.2d 292, 299.) In *Jeffers*, this court rejected the application of the "substituted judgment" standard to

proceedings under section 2—107.1 of the Code, writing that "what respondent would do if competent is irrelevant to the inquiry [before the court]." (*Jeffers*, 239 Ill. App. 3d at 33, 606 N.E.2d at 730.) The supreme court's subsequent decision in *C.E.* noted that section 2—107.1 of the Code did not explicitly adopt either the "substituted judgment" test or the "best interest" test (where the guardian simply uses his or her judgment in deciding what is in the best interest of the patient), but the court also noted that "section 2—107.1 *** does not foreclose the [trial] court's consideration of the wishes expressed by the mental health recipient while the recipient was competent." (*C.E.*, 161 Ill. 2d at 220, 641 N.E.2d at 354.) The court observed that section 2—107.1 requires proof that the benefits of the psychotropic medication will outweigh its harms, and that other treatment alternatives have been considered and found ineffective. (405 ILCS 5/2—107.1(d)(4), (d)(5) (West 1992).) The court then wrote that "[t]he wishes of the mental health recipient will often be highly pertinent to proof of these two factors." (*C.E.*, 161 Ill. 2d at 220, 641 N.E.2d at 354.) Also, the "factors specified in [section 2—107.1 of the Code] may often require that the trial court take into account the subjective attitudes of the recipient while the recipient was competent." *C.E.*, 161 Ill. 2d at 221, 641 N.E.2d at 355.

However, our acknowledgement that we erred in rejecting the "substituted judgment" standard does not change the outcome of this case because the record before us contains no evidence regarding what decision respondent would have made if she were competent to make it. In *C.E.*, the supreme court considered the possibility of the absence of any such evidence and wrote the following:

"When [the wishes expressed by the mental health patient at a time when the patient was capable of making rational treatment decisions on his own behalf] have not been clearly proven, *** the court should be guided by an objective standard of reasonableness, as shown by the evidence presented. In this fashion, the court may preserve the integrity of the mental health patient while respecting the health care professional's duty to treat the patient." (*C.E.*, 161 Ill. 2d at 221, 641 N.E.2d at 355.)

Just to make sure this point was not lost, the supreme court also wrote the following later in its opinion in *C.E.*:

"[W]e conclude that a mental health recipient's wishes, when competent, will often be very relevant to a determination of whether psychotropic substances should be administered under section 2—107.1 [of the Code]. In those instances where there is no proof of the mental health recipient's views when the recipient

was competent, the court should be guided by the best interests of the patient." *C.E.*, 161 Ill. 2d at 223-24, 641 N.E.2d at 356.

In the trial court proceedings in this case, the court appointed respondent's daughter to serve as her guardian and also appointed counsel to represent respondent's legal interests. In respondent's memorandum before this court, she argues that her guardian (and presumably her counsel) were required to attempt to determine what respondent would do if competent, "based upon an evaluation of any specific expressions and/or a review of her personal value system and preferences." That memorandum then asserts that "because no attempt was made to determine what [respondent] would do if competent, the order for the involuntary administration of psychotropic medication, upon reconsideration by this court, must be reversed."

We first note that the record is silent on the subject of either what respondent would wish to do if competent or what inquiries and consideration her guardian or counsel may have given to the issue. Thus, this argument constitutes mere speculation. Further, even if those claims were true, reversal would not necessarily follow. In her memorandum, respondent seems to argue a position akin to a claim of ineffective assistance of counsel in a criminal case, but we cannot be sure because we have not been provided with any analysis.

■ In any event, the supreme court in *C.E.* clearly contemplated circumstances arising, such as here, in which the record would contain no evidence regarding the "substituted judgment" standard. In such circumstances, the trial court should apply the "best interest" standard, and from the record before us, that is what the court here did. Had any evidence regarding the "substituted judgment" standard been offered, *C.E.* would require the trial court to consider it. However, because no such evidence was offered or even discussed by the participants at trial level, reversal and remand of this court's earlier decision is neither necessary nor appropriate.

■ As a last matter, respondent also argues in her memorandum that *C.E.* requires reversal because the State did not meet its burden of proof of clear and convincing evidence. However, respondent presented the same argument to us in *Jeffers*, and after considering the record, we affirmed, concluding that sufficient evidence was presented to support the trial court's finding. (*Jeffers*, 239 Ill. App. 3d at 36, 606 N.E.2d at 732.) Because both this court and the trial court applied the "clear and convincing" standard of proof, as required in *C.E.*, the supreme court's decision in *C.E.* does not change the outcome of our earlier analysis.

For the reasons stated, we affirm the trial court's order.

Affirmed.

COOK and GREEN, JJ., concur.