February 1, 1999

No. 2--98--0102 

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

In re
 LEN P., Alleged to be a ) Appeal from the Circuit Court

Person in Need of Involuntary             ) of Kane County.

Psychotropic Medication )

                                ) No. 97--MH--429

           )

(The People of the State of              )

Illinois, Petitioner-Appellee,   ) Honorable

v. Len P., Respondent-          ) James C. Hallock,

Appellant).                     )  Judge Presiding.

_________________________________________________________________

JUSTICE GEIGER delivered the opinion of the court:

The respondent, Len P., appeals the circuit court's order authorizing the involuntary administration of psychotropic medication.  On appeal, the respondent contends that the order must be reversed because (1) the State's petition fails to allege that a good-faith effort had been made to determine whether the respondent had executed an advance directive for health care (ADHC); (2) the State made no attempt to prove that the respondent would have consented to psychotropic medication if he were competent, pursuant to the constitutionally mandated “substituted judgment” standard; and (3) the order does not specify the type or dosage of medication to be administered.

On December 15, 1997, the State filed a petition for the involuntary administration of nonemergency psychotropic medication to the respondent.  At trial, Chandragupta Vedak testified that he 
was a psychiatrist at Elgin Mental Health Center, where the respondent was a patient.  Vedak had interviewed the respondent and talked with staff members who treated him.  Based on this information, Vedak diagnosed the respondent as suffering from a psychosis, not otherwise specified.  The respondent was delusional, believing that his mother and others were trying to kill him.  Since his admission, the respondent had become agitated when asked to participate in group activities or to take medication.  At times, he would clench his fists and tighten his jaws, showing signs of “impending threatening violent behavior.”  He had not, however, actually become violent or required restraints.

Vedak opined that the respondent did not have the capacity to make a reasoned decision about the use of psychotropic medication.  The basis for this opinion was that the respondent did not believe he had an illness and equated all drugs with “street drugs.”

Vedak wanted to prescribe Haloperidol to control the respondent's delusions.  Haloperidol's side effects include dry mouth, constipation, sedation, tremors, a “feeling of uneasiness,” and tardive dyskinesia.  The doctor briefly mentioned newer drugs, such as Risperidol or Zyprexa, which have fewer side effects but which are available only in pill form.

Although the respondent had never taken psychotropic medications before, Vedak believed that their benefits would outweigh their side effects.  With medication, the respondent's thought disorder would improve and his paranoia lessen.  As a result, the respondent could possibly function at his former higher level and again find employment.  At the hospital, the respondent had the opportunity to participate in individual and group counseling; however, neither alternative had been effective.

The respondent presented no evidence.  The trial court ordered the administration of psychotropic medication for not more than 90 days.  The respondent timely appeals.

The respondent first contends that the trial court's order must be reversed because the State's petition fails to allege that it made a good-faith effort to determine whether the respondent had executed an ADHC.  The respondent acknowledges that he failed to object to the alleged pleading defect in the trial court and that this would normally result in the waiver of the issue on review.  However, he contends that the defect is jurisdictional, rendering the trial court's order void.  The respondent contends that because the involuntary administration of psychotropic medication is a special statutory remedy, any failure to comply with the statute's requirements deprives the circuit court of jurisdiction and renders any resulting order void.

The State responds that, even in a special statutory action, not every failure to comply with the statute renders the proceeding void.  In 
In re Splett
, 143 Ill. 2d 225 (1991), a mental health respondent objected, for the first time on appeal, to his lack of formal notice of the proceedings.  The supreme court stated that the respondent:

“[S]hould not be permitted to take part in a hearing on the merits and, if [he does] not prevail, obtain a new hearing by complaining of a procedural defect 'that could and should have been objected to immediately, could have been easily cured if timely objected to, and made no difference anyway.' “ 
Splett
, 143 Ill. 2d at 231, quoting 
In re J.W.
, 87 Ill. 2d 56, 62 (1981).

The court held that the statute does not require the performance of an “empty formality” where the legislative intent has otherwise been achieved.  
Splett
, 143 Ill. 2d at 231-32; see also 
In re Nau
, 153 Ill. 2d 406, 418-19 (1992); 
In re Robinson
, 151 Ill. 2d 126, 137 (1992).  This court recently determined that the requirement of a 
verbatim
 transcript of the jury selection in an involuntary psychotropic medication proceeding was subject to waiver.  
In re Timothy H.
, No. 2--97--0910, slip op. at 5-6 (Ill. App. December 28, 1998).

The omission here is the type of procedural defect that can be waived under 
Splett
.  The omission should have been obvious at the time the pleading was filed.  Had the respondent objected in the trial court, the defect could have been easily corrected.  Moreover, it does not appear that the purpose of the requirement has been frustrated.

The Appellate Court, Fourth District, recently decided this precise issue.  The court held that the failure to allege that the State had made a good-faith effort to determine whether the respondent had executed an ADHC was harmless because neither the record nor the respondent in his brief showed that such a document actually existed.  
In re Miller
, No. 4--98--0185, slip op. at 21 (Ill. App. December 31, 1998).  We agree with 
Miller
 that the statutory formalities should be followed, but, as in that case, we cannot find that the failure to do so in this instance prejudiced the respondent.

The statute's apparent purpose is to help ensure that a respondent is not administered psychotropic drugs contrary to his wishes expressed while he was competent.  Here, the respondent did not object in the trial court and, even on appeal, does not suggest that an ADHC actually exists.  We decline to find the trial court's order void on the basis of a procedural defect that could easily have been cured if objected to in the trial court.

The respondent next contends that the court's order is erroneous because the court failed to consider the “substituted judgment” standard in determining whether the respondent should receive psychotropic drugs.  Under this standard, the surrogate decision maker attempts to establish what decision the patient would make if competent to do so.  
In re C.E.
, 161 Ill. 2d 200, 220 (1994).

As with the first issue, the respondent acknowledges that he failed to object to this alleged omission in the trial court.  Moreover, the respondent put on no evidence of his own.  However, the respondent contends that because the substituted judgment standard is “constitutionally mandated,” the State's failure to present such evidence renders the trial court's order void.  We will therefore consider this issue.

In 
C.E.
, the supreme court held that section 2--107.1 of the  Mental Health and Developmental Disabilities Code (405 ILCS 5/2--

107.1 (West 1996)) permits trial courts to consider the substituted judgment standard and that those courts should respect the wishes of the mental health recipient expressed while he was competent.  However, when those wishes are not clearly proved, the court should be guided by an objective standard of reasonableness based on the evidence actually presented.  
C.E.
, 161 Ill. 2d at 220-21.

In 
In re Schaap
, 274 Ill. App. 3d 497 (1995), this court held that, under 
C.E.
, where no evidence of the respondent's wishes is presented, the court should be guided by an objective standard of reasonableness.  Because the trial court did so, its order was not erroneous on that basis.  
Schaap
, 274 Ill. App. 3d at 502-03; see also 
In re Jeffers
, 272 Ill. App. 3d 44, 47 (1995); 
In re Israel
, 278 Ill. App. 3d 24, 34 (1996).

The respondent asserts that 
Schaap
 and 
Jeffers
 were wrongly decided.  He contends that because the substituted judgment standard is “constitutionally mandated,” the State has an affirmative obligation to put on such evidence as an element of its case.  We disagree.

The respondent fails to consider that even a constitutional right can be waived.  Logically, evidence of a respondent's wishes, expressed at some earlier time, will be more accessible to the respondent and his attorney than to the State.  Thus, 
C.E.
, 
Schaap
, and 
Jeffers
 properly place on the respondent the burden of coming forward with such evidence if the State does not do so.  Because no such evidence was presented in this case, the trial court properly decided the issue under the standard of objective reasonableness.

Finally, the respondent contends that the trial court's order must be reversed because it fails to specify the particular drug to be administered and the dosage.  We agree.

Effective December 1, 1997, the legislature amended section 2-

-107.1(a)(6) to require specifically that an order entered under that section “shall also specify the medications and the anticipated range of dosages that have been authorized.”  405 ILCS 5/2--107.1(a)(6) (West Supp. 1997).  The trial court's order does not contain such limitations.

The State argues that the respondent has waived this issue by failing to object in the trial court to the form of the order.  The State further contends that the statutory purpose has been achieved because Vedak testified to which medications he intended to use.

Even before the statutory amendment became effective, courts  generally required some evidence of the medications to be used.  Otherwise, there could be no meaningful comparison of their benefits and side effects.  See, 
e.g.
, 
In re Perona
, 294 Ill. App. 3d 755, 767 (1998); 
In re Kness
, 277 Ill. App. 3d 711, 720 (1996). 

In 
Robinson
, the respondent complained that the record did not contain a formal, written treatment plan as the statute required.  The supreme court held that the respondent had waived this issue by failing to object in the trial court and had suffered no prejudice because the trial judge heard all of the relevant information through testimony.  
Robinson
, 151 Ill. 2d at 137.

Here, unlike in 
Robinson
, the trial court did not have all of the relevant information.  Vedak testified that the respondent would be started on a medication “such as Haloperidol.”  Vedak mentioned newer drugs such as Zyprexa but did not state definitively that he would consider them for the respondent.  Vedak did not testify at all about the dosages to be used.  We cannot conclude that this vague testimony complied with the statute.  Even if it did, we cannot assume that the trial court's order, which is silent on the subject, intended to incorporate Vedak's testimony or limit him to the drugs he mentioned.

We acknowledge that the respondent also failed to raise this issue in the trial court.  However, restricting the type and dosage of medication to be used is not merely a procedural defect.  The State must prove as an element of its case that the benefits of the medication outweigh the harm.  405 ILCS 5/2--107.1(a)(4)(D) (West 1996).  The type of medication to be used is a necessary component of this element.  
Perona
, 294 Ill. App. 3d at 767; 
Kness
, 277 Ill. App. 3d at 720.

In 
In re Rovelstad
, 281 Ill. App. 3d 956 (1996), the State sought to involuntarily commit the respondent.  However, the State failed to prove that a psychiatrist examined the respondent within 24 hours of his admission and failed to file a second certificate as required by the Code.  
Rovelstad
, 281 Ill. App. 3d at 964; see  405 ILCS 5/3--610 (West 1994).  We held that these failures rendered the order of involuntary admission erroneous.  
Rovelstad
, 281 Ill. App. 3d at 966.  We reversed the order, despite the respondent's waiver, under a doctrine analogous to plain error.  
Rovelstad
, 281 Ill. App. 3d at 966; see 134 Ill. 2d R. 615(a).

The error in failing to specify the type and dosage of medication is thus more like the substantive rights at issue in 
Rovelstad
 than the procedural formalities involved in 
Splett
, 
Robinson
, and 
Nau
, at least where, as here, the transcript does not provide the essential information.  The trial court's order must be reversed on this basis.

The judgment of the circuit court of Kane County is reversed.

Reversed.

INGLIS and RAPP, JJ., concur.