No. 2--03--0045

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

In re
 ROBERT D., Alleged to be a Person      ) Appeal from the Circuit Court

Subject to Involuntary Admission      ) of Lee County.

      )

      ) No. 02--MH--17

      )

      ) Honorable

(The People of the State of Illinois, Petitioner-    ) Tomas M. Magdich

Appellee, v. Robert D., Respondent-Appellant).  ) Judge, Presiding.

______________________________________________________________________________

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

Based on a petition filed by the Dixon Correctional Center warden, the respondent, Robert D.,  was ordered involuntarily admitted to mental health treatment pursuant to section 3--700 of the Mental Health and Developmental Disabilities Code (the Code) (405 ILCS 5/3--700 
et seq
. (West 2002)).  He appeals, arguing that the petition was defective because it did not indicate the name and address of a substitute decision maker or state that a diligent inquiry had been taken to determine if one existed.  We affirm.

On December 17, 2002, a petition seeking an order for involuntary admission was filed against the respondent.  The petition stated that the respondent, a prisoner, was mentally ill and was reasonably expected to inflict serious harm upon himself or another in the near future.  According to the petition, the respondent displayed delusional thinking and refused to take his psychotropic medication.  He needed a more structured and secure setting because he had behaved violently in the community and while incarcerated, showed no insight into his mental illness, refused his medication, and had an extensive history of aggression.  

The petition form prompted the preparer to provide a list of "the names and addresses of the spouse, parent, guardian, close relative or, if none, a friend of the respondent."  If no names or addresses were available, then the preparer was to "describe efforts made to identify and locate these individuals."  In response to this query, the respondent's mother's name and her two phone numbers were listed.  The respondent's mother also testified at the December 18, 2002, hearing.  After that hearing, the court issued a memorandum opinion, in which it granted the petition.  The respondent appeals.

Involuntary admission procedures represent the legislature's attempt to balance the individual's interest in liberty against society's dual interests in protecting itself from dangerous mentally ill persons and caring for those who are unable to care for themselves.  
In re James
, 191 Ill. App. 3d 352, 356 (1989).  The Code's procedural safeguards are not mere technicalities.  
In re Luttrell
, 261 Ill. App. 3d 221, 230 (1994).  Rather, they are essential tools to safeguard the liberty interests of respondents in mental health cases.  
Luttrell
, 261 Ill. App. 3d at 230.  Because involuntary admission proceedings pose a grave threat to an individual's liberty interests, the Code's procedural safeguards should be narrowly construed.  
In re La Touche
, 247 Ill. App. 3d 615, 618 (1993).

With the above principles in mind, we now address the respondent's argument that the petition seeking his involuntary admission was statutorily defective because it did not list the name and address of a substitute decision maker or state that a diligent inquiry had been made to determine if he had one.  This issue presents a question of law that we review 
de novo
.  See 
In re George O.
, 314 Ill. App. 3d 1044, 1046 (2000).

Section 3--601(b)(2) of the Code (405 ILCS 5/3--601(b)(2) (West 2002)) states that a petition for involuntary admission shall include:

"The name and address of the spouse, parent, guardian, 
substitute decision maker, if any
, and close relative, or if none, the name and address of any known friend of the respondent whom the petitioner had reason to believe may know or have any of the other names and addresses.  If the petitioner is unable to supply any such names and addresses, the petitioner shall state that diligent inquiry was made to learn this information and specify the steps taken."  (Emphasis added.)  405 ILCS 5/3--601(b)(2) (West 2002). 

In 2000, the legislature amended this section by adding the language "substitute decision maker, if any."  Pub. Act 91--726, eff. June 2, 2000.  A "substitute decision maker" is a person with the authority to make decisions under the Powers of Attorney for Health Care Law (755 ILCS 45/4--1 
et seq
. (West 2002)) or the Mental Health Treatment Preference Declaration Act (755 ILCS 43/1 
et seq
. (West 2002)).  405 ILCS 5/1--110.5 (West 2002).

Initially, the State argues that the respondent has waived any challenge to the sufficiency of the petition because he did not object to the defect at trial.  At an involuntary admission hearing, the failure to raise an issue to the trial court generally results in a waiver of the issue on appeal.  
In re Nau
, 153 Ill. 2d 406, 417 (1992).  Nonetheless, relying on 
In re Adams
, 239 Ill. App. 3d 880 (1993), the respondent contends that the waiver doctrine should not apply.

In 
Adams
, an admission petition was filed against Adams by his friend, Elizabeth Bennett, after Adams threatened to kill her.  
Adams
, 239 Ill. App. 3d at 882.  The admission petition did not list any of the respondent's relatives or friends or state what effort had been made to identify and locate such persons.  
Adams
, 239 Ill. App. 3d at 884.  The 
Adams
 court declined to apply waiver because the alleged error in the petition was apparent from the record, liberty interests were involved, and the error could be considered prejudicial.  
Adams
, 239 Ill. App. 3d at 883.  The court also noted that a failure to comply strictly with the requirement that the petition list the names of relatives and friends or indicate that a diligent inquiry for them occurred does not require reversal if it can be shown that the respondent suffered no prejudice.  
Adams
, 239 Ill. App. 3d at 884-85.  Because the error there may have been prejudicial to the respondent, the court reversed the involuntary admission order.  
Adams
, 239 Ill. App. 3d at 885. 

Later, 
in 
In re Robinson
, 287 Ill. App. 3d 1088, 1093-94 (1997), the court applied the waiver doctrine and refused to consider an alleged failure to provide names and addresses of the respondent's family and friends or explain why none were listed on an involuntary admission petition.  In that case, the admission petition had a blank space following the request for names and addresses of family and friends, no response was given for proof of service of the petition, and the respondent did not receive formal notice of the hearing.  
Robinson
, 287 Ill. App. 3d at 1093-94.  The 
Robinson
 court distinguished its facts from those in 
Adams
 because an extensive report of the respondent's history was attached to the petition.  
Robinson
, 287 Ill. App. 3d at 1095.  The report revealed that Robinson had refused to give a personal history and had no known family members except for a sister he refused to acknowledge.  
Robinson
, 287 Ill. App. 3d at 1095.  From the information in this report, the court concluded that a diligent inquiry for the respondent's family and friends had been taken and that the respondent was not prejudiced by the error.

Both 
Adams
 and 
Robinson
 predate the amendment to section 3--601(b)(2) of the Code (405 ILCS 5/3--601(b)(2) (West 2002)) that added a "substitute decision maker, if any" to the list of persons to be included on the involuntary admission petition.  Nevertheless, the rationales expressed in 
Adams
 and 
Robinson
 are still applicable to the present case.

We determine that this case is more similar to 
Adams
 and reject the State's argument that we should apply the waiver doctrine.  Although required by section 3--601(b)(2) of the Code, the petition did not state the name and address of a substitute decision maker or that a diligent inquiry had been made to determine if one existed.  This error is apparent from the record, involves the respondent's liberty interests, and could have been prejudicial.  " '[E]rrors demonstrating noncompliance with the statutory provisions that appear on the face of the record may render a judgment erroneous even if not raised at trial; furthermore, such errors may be considered on appeal under a doctrine analogous to plain error.' "  
In re Rovelstad
, 281 Ill. App. 3d 956, 966 (1996), quoting 
In re Martens
, 269 Ill. App. 3d 324, 327 (1995).  Therefore, we decline to apply the waiver doctrine in this case. 

We nonetheless conclude that the error does not require a reversal.  Here, the record reveals that the respondent planned to stay with his mother upon discharge from the Dixon Correctional Center.  The respondent's mother testified at the admission hearing and explained the type of care she would be able to provide the respondent.  While discussing the respondent's treatment, she did not indicate that anyone other than the respondent himself was authorized to make his health care decisions.  Neither at trial nor on appeal has the respondent alleged that he had executed a health care power of attorney or a declaration for mental health treatment or that a substitute decision maker existed.  Instead, the respondent contends that the State's failure to list a substitute decision maker on the petition was "inherently prejudicial."  We cannot agree.  After reviewing the record, we conclude that the State's error was not prejudicial.  The error 
here was harmless because neither the record before us nor the respondent in his brief indicates that such instruments actually existed.

Furthermore, in a similar mental health area, this issue has been resolved in the same manner. In proceedings following a petition for the administration of psychotropic medication, whether a petitioner's failure to state that he or she made a good-faith effort to determine if a respondent had executed a health care power of attorney or a declaration for mental health treatment demanded reversal was considered in 
In re Jill R.
, 336 Ill. App. 3d 956, 965 (2003), 
In re Len P.
, 302 Ill. App. 3d 281, 283-84 (1999), and 
In re Miller
, 301 Ill. App. 3d 1060, 1071 (1998).  In those cases, the error was considered harmless because neither the record nor the respondents in their briefs indicated that such instruments actually existed.  In the present case, we reach the same conclusion.  However, we note that, to avoid repeating this problem in the future, the State's admission petition form should be updated to prompt the preparer to investigate the substitute decision maker issue.

The judgment of the circuit court of Lee County is affirmed.

Affirmed.

McLAREN and HUTCHINSON, JJ., concur.